## RUSSELL v. JOHNSON.

Court of Appeals of Kentucky.

Oct. 31, 1952.

L. B. Alexander, Paducah, for appellant.
Albert Karnes, Paducah, for appellee.

COMBS, Justice.

The sole question is whether the trial court erred in sustaining a special demurrer to appellant's petition.

It is stated in the petition that appellant is the surviving wife of Thomas B. Russell, who died intestate; that he left no estate other than two insurance policies aggregating $1,828.51; that no beneficiary was designated in the policies and the proceeds were paid by the insurance company to the appellee, a sister of Thomas B. Russell, under the "facility of payment" clause contained in the policy; that the county judge of McCracken County entered an order dispensing with the appointment of a personal representative of the estate and authorizing appellant, as the surviving wife, to administer and control the estate as fully as if she were the duly appointed administratrix; that the appellee fraudulently collected the proceeds of the two insurance policies, and that appellant is entitled to judgment against her in that amount; to wit, $1,828.51.

The special demurrer was sustained on the theory that the appellant, not having been appointed administratrix, has no capacity to maintain the suit. Appellant, for reversal, relies on KRS 395.460 which authorizes the county court, in its discretion, to dispense with the administration of those estates where the amount of personal property does not exceed the amount set apart by statute to the widow and infant children. The statutory exemption to the widow is $1,500. KRS 391.030(c). But here it is alleged in the petition that the estate consists of the proceeds of the two policies which amount to more than $1,500. Under this state of facts, the county judge had no authority to dispense with administration of the estate and his order purporting to do so is void. Although the proceedings in the county court are not before us, it is obvious that the order dispensing with administration was entered under a misapprehension as to the value of the estate.

The case of Crocker v. Crocker, 245 Ky. 191, 53 S.W.2d 356, cited by appellant, is not in point. In that case, the personal representative of the decedent's estate was a defendant and the question of the capacity of the plaintiff to maintain the suit was not in issue.

The judgment is affirmed.